UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK JOSEPH GROULX,

        Plaintiff,                                   Case No. 1:24-cv-11960

v.                                                  Honorable Thomas L. Ludington
                                                  United States District Judge

JANSSEN PHARMACEUTICALS, *et al.*,

                                                  Honorable Patricia T. Morris
        Defendants.                        United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT**

*Pro se* Plaintiff Patrick Groulx alleges Defendants Johnson & Johnson and Janssen Pharmaceuticals failed to warn him about how their antipsychotic drug, Invega Sustenna, interacted with patients who—like Plaintiff—consumed cannabis and had purported prior exposure to unknown hazardous chemicals. Magistrate Judge Patricia T. Morris screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B) and issued a report (R&R) recommending this Court *sua sponte* dismiss Plaintiff's Complaint for frivolity and failure to state a claim.

Plaintiff raised two objections to the R&R. As explained below, both lack merit. Accordingly, Judge Morris's R&R will be adopted, and Plaintiff's Complaint will be dismissed.

I.

On July 22, 2024, Plaintiff Patrick Joseph Groulx filed a *pro se* Complaint against "Janssen Pharmaceuticals" and "Johnson & Johnson."[1] ECF No. 1 at PageID.1. Much of Plaintiff's

---

[1] In apparent attempt to sue the correct legal entity for each Defendant, Plaintiff included numerous affiliates of Jansen Pharmaceuticals and Johnson & Johnson in his Complaint's caption. *See* ECF No. 1 at PageID.1. For the purposes of this Opinion and Order, all entities will be collectively referred to as either "Janssen" or "Johnson & Johnson."

Complaint is unclear. But, liberally construed, Plaintiff alleges that, on November 9, 2020, he "willingly admitted himself" to the McLaren Bay Region hospital in Michigan to "seek guidance on dealing with . . . harmful chemicals he was[] exposed to[.]" *Id.* at PageID.4. When he later "expressed his intention to leave" the hospital, Plaintiff alleges he was "denied permission to do so." *Id.* During his stay at McLaren, Plaintiff alleges "doctors prescribed him an undisclosed medication" and "administered an [unknown] injection" which caused him "significant distress" and rendered him "unable to sleep, sit, or drive for a period of 30 days." *Id.*

But Plaintiff does not sue McLaren or any of its medical professionals. Instead, Plaintiff's Complaint concerns the drug Invega Sustenna ("Invega"), an "antipsychotic indicated for the treatment of schizophrenia in adults." ECF No. 1 at PageID.16.

Although he describes the injection he received at McLaren as "undisclosed" and "unknown," the thrust of Plaintiff's Complaint and attached exhibits suggest this "medication" was Invega. *See* ECF No.1 at PageID.73 (demanding money from Defendants as a result of "initial injection" of Invega); *see also* ECF No. 7 at PageID.163 (explaining that, at the time of injection, Plaintiff "had no knowledge of the nature of the injection" and "was merely told it was an antipsychotic" but that Plaintiff "later discovered, through a review of his medical records[,] that the substance was Invega"). Plaintiff alleges Defendants Janssen and Johnson & Johnson "knowingly manufactured" Invega, ECF No 1 at PageID.7, 9, and that the drug's "safety data sheet . . . fails to provide information on whether it is appropriate to administer" to those who have been exposed to "hazardous chemicals," are suffering from "multiple medical issues," and have consumed cannabis. *Id.* at PageID.6. Accordingly, Plaintiff asserts a failure-to-warn product liability claim and seeks $2 billion in damages—$1 billion from each Defendant. *Id.* at PageID.7–9.

On August 6, 2024, the undersigned referred all pretrial matters to Magistrate Judge

Patricia T. Morris, ECF No. 4, who granted Plaintiff's application to proceed *in forma pauperis* (IFP) that same day, ECF No. 5.

On September 10, 2024, Judge Morris issued a report (R&R) recommending this Court *sua sponte* dismiss Plaintiff's Complaint for frivolity and failure to state a claim under the Prison Litigation Reform Act's (PLRA's) screening requirement, 28 U.S.C. § 1915(e)(2)(B), which applies to non-prisoner plaintiffs who proceed IFP. ECF No. 6. Judge Morris first explained that Plaintiff's precise alleged *injury* was unclear, noting that "one could read" his Complaint to allege (1) "his physician might not have prescribed Invega if he or she had been fully informed of the drug's potential side effects," or (2) "irrespective of any resulting physical injury, [Plaintiff] had a right to know what side effects he was at risk for with his unique medical history." *Id.* at PageID.156–57. But, "however the Court interprets [Plaintiff's] complaint," the R&R concluded, "he fails to state a plausible" product liability claim:

> Groulx's allegations that he suffered an injury from a lack of information, e.g., that Defendants' failed to educate him or his physician on potential side effects, fails to state a claim. The FDCA, which governs labeling requirements for prescription drugs, cannot be enforced through private, civil actions. *Bailey v. Johnson*, 48 F.3d 965, 966–68 (6th Cir. 1995); *accord Schering– Plough Healthcare Prods. v. Schwarz Pharma., Inc.*, 586 F.3d 500, 509 (7th Cir. 2009); *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 376–77 & n.35 (S.D.N.Y. 2014). Groulx identifies no other statute that might require Defendants to disclose Invega's potential side effects.
>
> Even if Groulx's complaint is read broadly to allege product liability claims based on a failure to warn of certain effects, his claims would fail. Groulx identifies three states—Michigan, New Jersey, and Pennsylvania—whose laws could apply to his claim. (ECF No. 1, PageID.2). But regardless of which state's law applies, Groulx fails to state a plausible products liability claim. In all three jurisdictions, a manufacturer may be held liable if: (1) it "owed the plaintiff a duty to warn of [a] danger," (2) the manufacturer failed to warn the plaintiff of that danger, (3) the manufacturer's failure to warn "was the proximate and actual cause of the plaintiff's injury," and (4) "the plaintiff suffered damages as a result." *Mitchell v. Taser Int'l, Inc.*, No. 09-11480, 2014 WL 3611632, at *1 (E.D. Mich. July 23, 2014) (internal quotation marks omitted) (quoting *Tasca v. GTE Prods. Corp.*, 438 N.W.2d 625, 627 (Mich. Ct. App. 1988)); *accord Gurley v. Janssen Pharm., Inc.*,

113 A.3d 283, 292 (Pa. Super Ct. 2015); *Dewey v. R.J. Reynolds Tobacco, Co.*, 577 A.2d. 1239, 1251–52 (N.J. 1990).

Even if Defendants owed Groulx a duty to warn him of Invega's potential side effects, his claim fails on the remaining elements. To the extent that Groulx takes issue with Defendants' failure to warn of the risk of insomnia, he attaches a copy of Invega's label which reveals that Defendants did, in fact, disclose insomnia as a potential side effect. (ECF No. 1, PageID.23–24). *See generally Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (explaining that courts may consider documents attached to a complaint when determining whether a plaintiff states a plausible claim for relief). Accordingly, Plaintiff has not stated a claim for which relief can be granted.

*Id.* at PageID.157–58 (citations in original).

In accordance with Civil Rule 72, Plaintiff objected to the R&R on September 20, 2024. ECF No. 7.

## II.

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's R&R. *See* FED. R. CIV. P. 72(b)(2). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Additionally, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Untimely or unspecific objections, or objections which merely "restates the arguments previously presented and addressed," "trigger only clear-error review." *Tackett v. Comm'r of Soc. Sec.*, No. 3:18 CV 1560, 2019 WL 2774145, at *1 (N.D. Ohio July 2, 2019) (citing *Equal Employment Opportunity Comm'n v. Dolgencorp*, LLC, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018)). But timely, specific objections to dispositive R&Rs trigger *de novo* review. FED. R. CIV. P. 72(b)(3) (authorizing de novo review only over those "part[s] of the [R&R] that ha[ve] been properly objected to"). When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

**III.**

Plaintiff has raised two objections to the R&R. *See* ECF Nos. 7; 7-1. Each will be addressed in turn.

**A.**

Plaintiff first objects that he should be granted leave to amend his Complaint under Civil Rule 15 instead of dismissal. This objection does not identify any error within the R&R, and will thus be overruled as improper. *See Edwards v. Bazerghi,* No. 23-11704, 2024 WL 492776, at *3 (E.D. Mich. Feb. 8, 2024), *appeal dismissed*, No. 24-1204, 2024 WL 2972811 (6th Cir. Mar. 29, 2024) (construing plaintiff's request for leave to amend complaint as an objection to an R&R, but overruling the objection because it did not specify any error within the R&R).

Moreover, even if Plaintiff's objection was proper and triggered this Court's *de novo* review, Plaintiff's request for leave to amend his complaint would be denied. Civil Rule 15 provides that a plaintiff seeking to amend his or her complaint after 21 days of initial service must obtain leave to do so. FED. R. CIV. P. 15(a)(2). Although the Rule provides that courts "should freely give leave when justice so requires," *id.*, Courts should not grant leave to amend if a proposed amendment is futile and "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Here, Plaintiff proposes the following additional allegation:

> Plaintiff has suffered and continues to suffer significant injury due to chemical exposure, resulting in severe insomnia that places his life in imminent danger from sleep deprivation, which daily increases his risk of stroke and/or cardiac arrest. The emotional distress from chronic sleep deprivation exacerbates the physical toll on his body and mind, and the Plaintiff is further harmed by the chemical w[h]ere Plaintiff's inability to use cannabis to prevent migraines. The chemical exposure has caused unusual irritation when Plaintiff attempts to use cannabis for relief.

ECF No. 7 at PageID.162.

But this amendment is futile. As explained, Plaintiff pursues a single "failure-to-warn" product liability claim against both Defendants, arguing Defendants "fail[ed] to include" information about how Invega "interact[ed]" with "cannabis, hazardous chemicals . . . and individuals without schizophrenia" on the drug's "Safety Data Sheet." ECF No. 1 at PageID.8-9. To succeed on a failure-to-warn claim, a plaintiff must prove "(1) the defendant owed a duty to the plaintiff; (2) the defendant violated that duty; (3) the defendant's breach was a proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered damages."[2] *Hill v. Bayer Corp.*, 485 F. Supp.

---

[2] Plaintiff alleges Defendants are incorporated in Pennsylvania and have principal places of business in Pennsylvania. ECF No. 1 at PageID.2. Tortious product liability law in both states mirrors Michigan law regarding failure-to-warn claims and the learned intermediary doctrine. *See, e.g. Cochran v. Wyeth, Inc.*, 3 A.3d 673, 676 (PA Super. Ct. 2010) (applying the same failure-to-warn factors as established under Michigan law, noting "[i]n cases involving the failure to warn of

3d 843, 854 (E.D. Mich. 2020) (citing *Warner v. Gen. Motors Corp.*, 357 N.W.2d 689 (Mich. Ct. App. 1984).

Plaintiff's proposed amendment—assumed true for futility review—only bolsters the fourth factor. But, as the R&R emphasized, Plaintiff's Complaint fails to allege any facts supporting the former three. *See* ECF No. 6 at PageID.158. Even if Plaintiff's proposed conclusory amendment showed he "suffered damages," Plaintiff does not plead any facts that—even when construed in a favorable light and assumed true—suggest that Defendants owed him a duty, violated that duty, or that Plaintiff's injuries were proximately caused by the Defendants' alleged breach. *See generally* ECF No. 1.

Plaintiffs' claim is further foreclosed under the learned intermediary doctrine. "Michigan has adopted and follows the learned intermediary doctrine, which holds that a manufacturer has no duty to warn the ultimate consumer if the product is provided for use by a sophisticated consumer." *Hill*, 485 F. Supp. 3d at 854 (citing *Brown v. Drake-Willock Int'l, Ltd.*, 530 N.W.2d 510 (Mich. Ct. App. 1995)). This doctrine applies "almost unanimously" to cases involving prescription drugs, with the result that adequate warnings are owed to the *prescribing physicians* rather than their *patients*. *See Mowery v. Crittenton Hosp.*, 400 N.W.2d 633, 637 (Mich. Ct. App. 1986). Accordingly, even considering Plaintiff's proposed amendment, he cannot show that Defendants owed *him* a duty to warn of Invega's side effects.

## B.

In his second objection, rather than identifying a specific error within the R&R or challenging dismissal, generally, Plaintiff "requests that this Court dismiss [his] claims without

---

risks associated with prescription[s], Pennsylvania applies the learned intermediary doctrine"); *In re Accutane Litig.*, 194 A.3d 503, 524 (N.J. 2018) (explaining New Jersey's Products Liability Act applies the learned intermediary doctrine to "case[s involving] prescription drugs").

prejudice," instead of with prejudice. ECF No. 7-1 at PageID.165. Plaintiff argues a dismissal with prejudice would be "[in]consistent" with this Court's dismissal in one of Plaintiff's prior cases, *Groulx v. CSL Limited*, Case No. 1:24-cv-11996 (E.D. Mich. Sept. 10, 2024). *Id.* This argument and objection lack merit.

In *CSL Limited*, this Court dismissed Plaintiff's *federal* claims on the merits and with prejudice, but declined to exercise supplemental jurisdiction over his remaining *state* claims and dismissed those claims without prejudice. Here, unlike in *CSL*, this Court concluded Plaintiff's state claims—the only claims he pursues—do not assert plausible claims for relief. And "[d]ismissal for failure to state a claim is an adjudication on the merits, and therefore is a dismissal 'with prejudice.'" *Lewis v. Nationstar Mortg.*, 5 F. Supp. 3d 890, 896 (E.D. Mich. 2014) (quoting *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir.2004)). Plaintiff's second objection will accordingly be overruled.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 7, are **OVERRULED.**

**Further, it is ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 6, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

**This is a final order and closes the above-captioned case.**

Dated: February 6, 2025                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge